IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAY D. LEMIEUX, | ) C.A. No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| THE BOEING COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Jay Lemieux, by and through his attorney, Bonnie Travaglio Hunt of Hunt Law, L.L.C. hereby complains against the Defendant, The Boeing Company as follows:

**NATURE OF THE ACTION**

1. This action is brought pursuant to Age Discrimination in Employment Act. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is brought pursuant to the Age Discrimination in Employment Act (ADEA) 29 U.S.C. 626 for retaliation and hostile work environment for having complained of age discrimination.

**PARTIES**

3. The Plaintiff is an individual who resided in the State of South Carolina at all times relevant to this action.

1

4. At all relevant times to the allegation in this complaint, the Plaintiff was an employee of the Defendant as defined by State and Federal Law.

5. On information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

6. At all times, relevant to the allegations in this Complaint, the Defendant employed more than 20 persons in the State of South Carolina.

7. At all times, relevant to the allegations in this Complaint, the Defendant operated a facility in the State of South Carolina.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

9. Jurisdiction of this cause arises under the Age Discrimination in Employment Act of 1974 (ADEA), 29 U.S.C. Section 626 *et seq.*

10. The Charleston Division is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

11. The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging Age Discrimination, Retaliation, and Hostile Work Environment.

12. The Plaintiff filed his charge of discrimination with the EEOC on June 30, 2021.

13. The Plaintiff charge of discrimination alleging Age Discrimination and Hostile Work Environment set forth the following:

> I.  That I have been employed with Boeing for 15 years. That I have been an exemplary employee with no discipline.
>
> II.  That my most recent supervisor has subjected me to a hostile work environment. My supervisor has made commentary to bully me, to insult me and my family, and humiliate me in front of my co-workers.
>
> III.  That based on the harassment I requested a transfer on 3 different occasions. That my supervisor refused.
>
> IV.  That my supervisor changed the classification of 3 younger individuals in my group. That my supervisor intentionally changed their classification so they would not be included in a law off.
>
> V.  That in March 2021 I was informed that I would be laid off due to my classification.
>
> VI.  That my supervisor determined who would be laid off based on their classification. That my supervisor has discriminated against me based on my Age, created a hostile work environment and retaliated against me since making my ethics complaint regarding his discrimination.
>
> VII.  That other individuals younger individuals were treated more favorably and were not laid off. That if my supervisor had not discriminated against me by failing to transfer me or changing my classification I would not have been included in the lay off and would have continued my employment until retirement.
>
> VIII.  That I have been discriminated against based on my age in violation of the Age Discrimination in Employment Act.
>
> IX.  That I was subjected to a hostile work environment based on my Age in violation of the Age Discrimination in Employment Act.

14. The Plaintiff's charge of discrimination does not have Retaliation checked but in the body of the charge it specifically states that he is being retaliated against because of his ethics complaint and discrimination complaint.

15. That the Plaintiff requested his right to sue on July 15, 2022.

16. That the EEOC issued the right to sue on March 29, 2023.

17. That fewer than ninety days elapsed from the date of the issuance of the first right to sue and the filing of the complaint in Federal Court.

**FACTUAL BACKGROUND**

18. That the Plaintiff is a resident of the United States and at all relevant times the Plaintiff resided in South Carolina.

19. That the Plaintiff is a Caucasian male over the age of forty.

20. The Plaintiff was hired by the Defendant on January 5, 2008, as a Process Analyst.

21. That the Plaintiff was promoted during his employment to Data Analyst-General Code and received commiserate pay increases with his positions. The Plaintiff's position was reclassified in error.

22. The Plaintiff was issued policies and procedures from the Defendant that set forth the requirements of his position, the procedures for employment and the polices that he was required to follow as an employee of the Defendant.

23. During the Plaintiff's employment the Plaintiff was recognized and awarded for his exemplary performance.

24. That the Plaintiff began to recognize his supervisor was treating him differently.

25. That the Plaintiff requested a transfer on May 1, 2019.

26. That the Plaintiff was still suffering differential treatment by his supervisor.

27. That in Late 2020, the Plaintiff requested a transfer. The Plaintiff reported problems with his direct supervisor. That the Plaintiff's evaluations throughout his employment had been above average. However, during the last year of employment his direct supervisor lowered the Plaintiff's evals in retaliation for his complaints.

28. That the Plaintiff personally witnessed a younger female being treated better than the Plaintiff as she was provided the best of everything and the Plaintiff was required to be at

her disposal for any question, training and or issues. At all times, Alan Soh treated the younger employee more favorably.

29. That in early 2021, the Plaintiff requested a transfer.

30. On March 19, 2021, the Plaintiff was notified that he would be laid off/terminated. That as part of the layoff/termination the Plaintiff was provided a general release and waiver agreement. The notice set forth the following:

*"The Company has made the difficult decision to reduce its workforce. This decision is expected to result in your permanent layoff. This notice is being voluntarily provided to you in accordance with the Worker Adjustment and Retraining Notification (WARN) Act and any applicable state or local laws, even though such notice may not be legally required.*

*Layoffs are expected to begin on 5/21/2021 and your last day of employment will be 5/21/2021. You do not have bumping rights.*

*If you are currently on a Company-approved leave of absence that is expected to extend beyond your layoff date, please contact Worklife toll-free at 1-866-473-2016 to discuss whether a change to your anticipated layoff date is needed.*

*The information provided in this notice is based on the best information available to The Company at this time. You will be notified if there is a change to your anticipated layoff date or status. Please contact Alan K Soh via Worklife at 1-866-473-2016 if you need additional information regarding this notice. You will also be notified of a variety of transition services available to you based on your location. These services may include layoff briefings, job search assistance, resume preparation, interviewing techniques and career counseling. Visit the Leaving Boeing page in Worklife for additional resources and*

> *information regarding leaving the Company due to involuntary layoff. For additional support or questions regarding health and insurance, paychecks, timekeeping, leaves of absence, resignation, medical, or savings plans, etc., call the Worklife Care Team at 1-866-473-2016.  If you are eligible for layoff benefits under The Boeing Company Layoff Benefits Plan, you will receive additional Worklife notifications (red bell) soon containing links to certain forms and documents to the extent applicable to you (e.g., online Release and Waiver Agreement with informational requirements and /or online Layoff Benefit Election Form). Please monitor these notifications, review them promptly and carefully, and take any required steps in a timely manner.  You may be eligible for Unemployment Insurance (UI). More information on UI and other resources available for workers is available at Leaving the Company due to Involuntary Layoff or by contacting the Worklife Care Team."*

31. That if the Plaintiff had been properly transferred when requested on 3 different occasions he would not have been laid off.

32. That the Plaintiff purposefully changed the Plaintiff's position title to ensure that the Plaintiff would be laid off.  That if the Defendant had properly classified the Plaintiff's position, he would not have been placed in the layoff number.  That the Plaintiff's direct manager Alan Soh intentionally reclassified the plaintiff in order to have him included in the law off due to his age.  The reclassification of the Plaintiff position was not actually the position being performed by the Plaintiff.

33. That the only 2 people in his group laid off were 53 and 55.  The Defendant maintained the employment of the 2 thirty-year-old employees.

34. Two weeks after the Plaintiff was notified of the layoff the Plaintiff was required to train two employees who were to replace the Plaintiff. The two employees were younger and cheaper than the Plaintiff and his counterpart James. These two individuals were transferred to replace the Plaintiff and James because they were younger.

35. That the last two months of the Plaintiff's employment began the more significant mistreatment and harassment of the Plaintiff by Soh. Soh would regularly inform the Plaintiff he was a terrible employee and yell and scream at the Plaintiff.

36. On April 19, 2021, the Plaintiff received an email stating the following:

Hello,

We are reaching out to you because our records indicate that you have not yet signed your Release and Waiver Agreement ("Agreement"). <u>A signed R&W is required to obtain layoff benefits</u>.

*An eligible employee's layoff benefit generally equals one week of pay for each full year of company service, up to a 26 years. You should refer to <u>Knowledge Article KB0010146 for updates and full plan summary</u>*:

Although we realize that you might have decided not to sign, we want to ensure that **if you plan to receive layoff benefits, you are aware that you must sign the Release and Waiver.**

Employees who were selected for ILO received instructions, actions and forms through their <u>Worklife</u> red bell notification. Employees have 45 days (even if your layoff has been extended) to execute their Agreement and should be aware of important dates that are approaching. Employees must sign and submit their Agreement no later than **11:59 pm**

**PST on May 6, 2021**, and must not revoke the Agreement in order to receive layoff benefits.

You are encouraged to log into Worklife to review any red bell notifications and take any necessary actions. To confirm signature and submission, refresh Worklife and select your Release and Waiver notification from the red bell notifications. Once you have navigated back to your Release and Waiver, scroll to the bottom. If your name, BEMSID and date appear, you have successfully signed and submitted your document. **If you have any additional questions, please call Worklife at 866-473-2016.**

37. On April 29, 2021, the Plaintiff filed an ethics complaint. The Complaint set forth that the Plaintiff was complaining about the following: 1. Targeting/Agism (in moving him to a group along to be terminated), 2. Discrimination in selection to be laid off/Targeting, and 3. Discrimination/Lying about outsource. The Plaintiff's supervisor was informed of the Plaintiff's ethics complaint.

    The Plaintiff's complaint included the following:

    1. The Plaintiff complained that the two employees being retained were 30 and 35. The Plaintiff learned that during the investigation his supervisor moved the Plaintiff and James Middleton to data analyst general to ensure they would be laid off and placed one 35 year old in another category to protect his position. The 30 year old was retained after being offered the same job by Dell. The intentional move was to ensure that the two younger people in the Plaintiff's group maintained their positions and the older employees were not retained or outsourced to Dell. When the supervisor changed the Plaintiff's designation in work life through Boeing he refused to sign off on it. However, it was completed anyway.

2. The Second complaint filed by the Plaintiff was that his Manager, Alan Soh was targeting him because of his age. Shortly after the Plaintiff was given notice that he would be outsourced because of his statement of work, the Plaintiff was contacted by Antwann Mitchell who informed the Plaintiff that he was Privy to a conversation with a group of managers where the Plaintiff's manager, Alan Soh, stated that he was supposed to layoff two people in another one of his groups but instead he decided to protect those two people and "POINTED" the layoff towards the Plaintiff and James. Mitchell told the Plaintiff this information because he was also being affected by this targeting. Mitchell believed that he would not be laid off and Alan had actually targeted him specifically for layoff just like the Plaintiff and James. When the Plaintiff complained to ethics, Paul Rubio of corporate investigations, the Plaintiff specifically informed Rubio of the issues of targeting because of age. Rubio refused to interview Mitchell and failed and refused to conduct a through investigation. After the initial report the Plaintiff confronted Rubio on May 26th, 2021 about his failure to interview Mitchell who could confirm that the Plaintiff and James were targeted by Soh because of age, Rubio informed the Plaintiff that he had all the information he needed. The Plaintiff further informed Rubio that it was irresponsible of him to not contact the only person that could confirm that this story was true from start to finish, he took exception to the Plaintiff accusation and ended the call. Subsequently he issued a finding of no discrimination/targeting.

38. Due to the hostile work environment on the part of Soh, the Plaintiff decided to take his last 3 week of vacation from April 30th to May 21st in order to avoid Soh. That the

Plaintiff's work environment was severe and pervasive and no reasonable person could withstand.

39. On May 18, 2021, Alan Soh began texting the Plaintiff instructing him to sign is ILO. The ILO did not have a place to sign. Soh was attempting to trick the Plaintiff in to signing his release as that was the only document sent to the Plaintiff with a place to sign.

40. On May 19, 2021, the Plaintiff was supposed to meet with Alan Soh to discuss the ETS and checklist. Soh refused. The Plaintiff was required to follow the checklist without his manager to the best of his ability. Further creating a hostile work environment and retaliating against the Plaintiff.

41. On May 20, 2021, the Plaintiff turned in his laptop and emailed the Alan Soh the following:

   *Alan,*

   *Two updates from yesterday's email with respect to equipment return:*

   1. *I said in my final email that I would be putting one (1) laptop battery in the box. I in fact put two (2) in the box after finding another battery in my laptop bag.*

   2. *When I returned my items to the LSC at BSC, they would <mark>NOT</mark> take my laptop bag.*

   - *They said they can't keep them there at the LSC.*
   - *They told me there's a garbage right outside their door I can use if I didn't want to take it home.*
   - *I thought about leaving it on your desk, but I didn't see any way to ensure it didn't get stolen while you are not at your desk.*
   - *The only other thing to do was to take it back home with me, and that's what I did.*
   - *I will be happy to send it USPS, UPS or Fedex to you at the facility. I just need a return label from Boeing Mail Services. I contacted BMS and the information is below. They will <u>not</u> issue me a return label, only my manager.*
   - *If you want to contact them and have a label created, it's pretty easy:*
     - *You just request it from them (Search for Boeing Mail Services in Worklife and a KB may or may not come up)*
     - *Give them my address and they will "Send me a return mail label in the mail".*
     - *Once I receive the label and take the item to send at some place like UPS, they will get notice that I did in fact send it and a tracking number will be issued to both myself and BMS.*

- o *They also mentioned that because mail is so slow with Covid, it might take them 2 to 3 weeks to get it to you at your desk after I have boxed and sent it.*
- *Because I will be moving, this all needs to be done by July 1st. BMS is confident they can create a label and have it arrive here by July 1st if you request it by June 15th. The moment I get the label, I will take it down that day or the next to ensure it gets done as quickly as possible.*
- *I have done the labour work here gathering the information and asking the questions, so you should be able to make this request very easily.*

*One update about ETS:*
*I was unable to sign ETS as it was too early in the day to sign and I wanted to make sure I didn't violate ETS time policy on my last day. So, I contacted Worklife and they told me that I can do ETS work in "Worklife from Home", which I did not know.*
*I will sign it before tomorrow morning when you sign timecards. If that's not the case, I will contact them again and ask them to sign it for me. Either way, unless they are painfully slow, it should be done before Friday AM.*
*I took only my personal items from my desk a I stated in my email yesterday. The rest is Boeing property.*
*I turned my badge in at the welcome center as I stated in my email yesterday.*

*So I have completed this task. Everything went pretty much like I said it would other than the laptop bag.*
*I am now going back to trying to pack and PTO time."*

42. That the Plaintiff was terminated from his employment on May 21, 2021.

43. Two days after the Plaintiff's termination/lay off the Defendant hired a person from Dell to fill the position of the Plaintiff.

44. In May of 2022, the Plaintiff applied for another position. However, during the background check Boeing informed the employer that the Plaintiff never worked for them, interfering with his ability to receive the position. Boeing further failed to provide the Plaintiff a proper W-2 in a timely manner. The Defendant claimed that they had failed to withhold the proper taxes.

45. That on numerous occasions the Plaintiff reported requested transfers from his department due to the Defendant's actions. That the Defendant failed and refused to handle the situation with his supervisor which led to the Plaintiff's layoff/termination.

46. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

47. That the Plaintiff was issued certain policies and procedures by the Defendant. The policies set forth the proper handling of discrimination complaints and retaliation. The Defendant failed and refused to properly handle the Plaintiff's complaints which lead to further retaliation and ultimately the Plaintiff's termination.

48. The Defendant violated the policies and procedures by failing to follow the actual policies in place against hostile work environment and retaliation.

49. That as a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which he should be compensated.

50. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of his Age.

51. That the Plaintiff was treated differently than the individuals not in the Plaintiff's protective category. The individuals outside the Plaintiff's protected category were treated more favorably. That the Plaintiff was subjected to discrimination based on his Age in Violation of the Age Discrimination in Employment Act.

52. That the Plaintiff's unlawful layoff/termination in retaliation for his complaints regarding discrimination was in violation of the Age Discrimination in Employment Act.

53. That the Defendant's actions towards the Plaintiff violated the law and violated their own polices regarding Equal Employment Opportunity and a Discrimination free workplace.

54. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age and retaliation, the Plaintiff:

    a. suffered severe emotional distress;

    b. suffered future lost wages and future lost benefits;

    c. suffered economic damages;

    d. Loss of employment;

    e. Loss of Future employment;

    f. incurred attorney fees for this action;

    g. incurred costs of this action; and

    h. will incur future attorney fees and costs.

55. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

56. That the Defendant evaluated the plaintiff differently based on his complaints regarding Age Discrimination complaints.

57. Plaintiff seek all back pay and fringe benefits to which he is entitled under 29 U.S.C. Section 626(b), as well future damages, and liquidated damages under the act.

58. Pursuant to 42 U.S.C. Section 1988(c) and 42 U.S.C. Section 2000e-5(k), Plaintiff seeks his attorney's fees in bringing this action, including expert witness fees, and further seeks his costs associated with bringing this action pursuant to 28 U.S.C. 1920 of the Federal

Rules of Civil Procedure, along with prejudgment and post-judgment interest pursuant to the law.

## FOR A FIRST CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF THE

## AGE DISCRIMINATION IN EMPLOYMENT ACT

59. That paragraphs one (1) through fifty-eight(58) are hereby incorporated verbatim.

60. That the Plaintiff was subjected Age Discrimination while employed with the Defendant.

61. That the Defendant, treated the Plaintiff significantly differently based on his age. That younger employees were not laid off/terminated. That younger employees were hired prior to the plaintiff's lay off to replace the Plaintiff. The Plaintiff was required to train these individuals.

62. That the Plaintiff's supervisor, Soh intentionally redesignated the Plaintiff's position so that he would be included in the lay off.

63. That the Defendant, treated the Plaintiff significantly different than it treated other younger employees.

64. That the Defendant's actions towards the Plaintiff violated the law.

65. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

66. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

   a.  suffered severe emotional distress;

   b.  suffered future lost wages and future lost benefits;

   c.  suffered economic damages;

   d.  Loss of employment;

    e.    Loss of Future employment;

    f.    incurred attorney fees for this action;

    g.    incurred costs of this action; and

    h.    will incur future attorney fees and costs.

67. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A SECOND CAUSE OF ACTION
## RETALIATION FOR COMPLAINTS REGARDING AGE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

68. That Paragraphs one (1) through sixty seven (67) are hereby incorporated verbatim.

69. That the Plaintiff was an employee according to the ADEA.

70. That the Plaintiff was wrongfully terminated form his employment for making several complaints regarding Age Discrimination, Hostile work environment and Retaliation. The Plaintiff reported these complaints during his employment to Corporate Ethics and management.

71. All reasons presented by the Defendant for the plaintiff's termination were pretextual. On several occasions the Plaintiff presented information and documentation to support his contention that he was being treated differently. The Plaintiff's direct supervisor admitted to others that he purposefully targeted the Plaintiff and his counterpart who were in their 50s. The Defendant failed and refused to consider the information.

72. That the Defendant further interfered with future employment by representing to possible employers that the Plaintiff was never employed with Boeing potentially losing the Plaintiff 14 positions. The Plaintiff only learned of this on his 15th job application in 11 months that Boeing was telling potential employers that the Plaintiff never worked for them.

73. That after the Plaintiff's wrongfully laid off and terminated from his employment.

74. As a result of those complaints the plaintiff has been treated differently and subjected to retaliation. Younger employees were not terminated.

75. That the Defendant retaliated against the Plaintiff terminating his employment.

76. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of his complaints.

77. That the Plaintiff was considered an exemplary employee through the evaluative process.

78. As a result of the Plaintiff's complaints regarding discrimination based on his Age, and hostile work environment based on his previous complaints the Defendant retaliated against the Plaintiff. That the Plaintiff was wrongfully terminated for his complaints regarding ethics and age discrimination.

79. The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

80. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which he should be compensated.

81. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

82. That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADEA.

## FOR A THIRD CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

83. That Paragraphs one (1) through eighty-two (82) are hereby incorporated verbatim.

84. That the Plaintiff was an employee of the Defendants.

85. That the Defendant is an employer in accordance with the ADEA.

86. That the Defendant subjected the Plaintiff to a hostile work environment by and through the Plaintiff's direct supervisor Alan Soh.

87. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

88. The Plaintiff was subjected to discrimination based on his Age by Soh who further was hostile towards the Plaintiff by changing the terms and conditions of his employment, bullying him, and failing to maintain common human decency.

89. The Plaintiff attempted to escape Soh's hostile work environment on several occasions by requesting transfers.

90. That the Defendant failed and refused to address the situation.

91. That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Age.

92. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

93. That the Plaintiff has been damaged as a result of the Defendant work environment.

94.     That the Defendant is the direct and proximate cause of damage to the Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE the plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of discrimination;

F. Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the ADEA;

G. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H. Award all damages available to the Plaintiff pursuant to Federal and State Law;

I. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff and

J. enter any other order the interests of justice and equity require.

Respectfully Submitted,

ATTORNEY FOR THE PLAINTIFF

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

June 9, 2023

19