IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAY D. LEMIEUX, ) | |
| ) | |
| Plaintiff, ) | No. 2:23-cv-02631-DCN-TER |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Magistrate Judge Thomas E. Rodgers, III's report and recommendation ("R&R"), ECF No. 15, on defendant The Boeing Company's ("Boeing") motion to dismiss, ECF No. 5. For the reasons set forth below, the court adopts the R&R and grants in part and denies in part Boeing's motion to dismiss.

## I.  BACKGROUND[1]

Jay Lemieux ("Lemieux") brings this age discrimination case against Boeing, his former employer. Lemieux is a Caucasian male over the age of forty. ECF No. 1, Compl. ¶ 19. Boeing hired him to be a Process Analyst on January 5, 2008. Id. ¶ 20. Throughout his time with Boeing, Lemieux was an exemplary employee who received above average evaluations and who was promoted. Id. ¶¶ 21, 23, 27. However, Lemieux eventually realized his supervisors at Boeing treated him differently from other employees. Id. ¶¶ 24, 26. For instance, he personally witnessed his supervisor acting "more favorably" toward a younger female employee. Id. ¶ 28.

---

[1] The court recites the factual background in the light most favorable to Lemieux. See Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999).

1

Lemieux began having trouble with his manager, Alan Soh ("Soh"), who regularly yelled at Lemieux and informed him that he was a terrible employee. Id. ¶¶ 27, 32, 35. Lemieux reported the antagonism, and he claims Soh lowered his performance evaluations as a result. Id. ¶ 27. Lemieux requested a transfer three times—once on May 1, 2019, then again in late 2020, and then again in early 2021—but none of these requests were granted. Id. ¶¶ 25, 27, 29. Lemieux reported that the 2020 transfer request was prompted by the problems he was having with his direct supervisor. Id. ¶ 27.

On March 19, 2021, Lemieux received a notice that he was being laid off as part of a reduction in workforce ("RIF"). Id. ¶ 30. The RIF was apparently related to Boeing's outsourcing certain positions to another company, Dell. Id. ¶ 37. Lemieux asserts that Soh intentionally altered his job title so that he would be included as one of the employees laid off during the RIF, and he further claims that if any of his transfer requests had been granted, he would not have been included in the RIF. Id. ¶¶ 31–32. The only two employees Boeing laid off in Lemieux's group were fifty-three and fifty-five years old; while in contrast, Boeing continued to employ two other employees who were thirty years old. Id. ¶ 33. Two weeks after being notified about the RIF, Boeing required Lemieux to train the two younger employees who were to replace him. Id. ¶ 34.

Lemieux filed an ethics complaint on April 29, 2021. Id. ¶ 37. In his complaint, Lemieux alleged that he was being targeted and discriminated against because of his age. Id. He claimed that a different employee, Antwann Mitchell ("Mitchell"), informed him that Soh was originally supposed to have laid off different employees during the RIF but that he laid off Lemieux instead because of his age. Id. Lemieux further complained that Boeing failed to properly handle or investigate these complaints. Id. ¶¶ 37, 45, 47.

Lemieux's final day working for Boeing was May 21, 2021. Id. ¶ 42. Two days after his termination, Boeing "hired a person from Dell to fill [Lemieux's] position." Id. ¶ 43.

Lemieux filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 30, 2021, and the EEOC issued a notice of right to sue on March 29, 2023. Id. ¶¶ 11–12, 16. Lemieux then filed this lawsuit against Boeing on June 12, 2023. ECF No. 1, Compl. He alleges three causes of action: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; (2) retaliation for complaints regarding age discrimination and hostile work environment; and (3) hostile work environment.[2] Id. Boeing moved to dismiss all three causes of action on July 12, 2023. ECF No. 5. On August 5, 2023, Lemieux responded in opposition, ECF No. 10, to which Boeing replied on August 14, 2023, ECF No. 11. On December 20, 2023, the magistrate judge issued his R&R, in which he recommended that Boeing's motion be denied with respect to Lemieux's first cause of action but granted with respect to Lemieux's second and third causes of action. ECF No. 15, R&R. Lemieux objected to the R&R on December 30, 2023, ECF No. 16, and Boeing objected on January 3, 2024, ECF No. 17. Thereafter, Lemieux replied to Boeing's objection on January 9, 2024, ECF No. 19, and Boeing replied to Lemieux's objection on January 16, 2024, ECF No. 21. As such, this matter is fully briefed and ripe for the court's review.

---

[2] Lemieux accuses Soh of creating a hostile work environment in both his second and third causes of action. Compl. ¶¶ 68–94. Through his second cause of action, Lemieux accuses Soh of creating a hostile work environment in retaliation for Lemieux's ethics complaints. See id. ¶ 78. Whereas, through his third cause of action, he accuses Soh of creating a hostile work environment because of his age. See id. ¶ 91.

## II.   STANDARDS

### A. Order on R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id.

However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Lab'ys, Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing the court's attention to a specific error in a magistrate judge's proposed findings. Id.

### B. Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Lab'ys, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Lab'ys, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Although the evaluation is generally limited to a review of the allegations of the complaint itself, and documents attached to the complaint as exhibits, a court may properly take judicial notice of matters of public record without converting a

5

motion to dismiss into a motion for summary judgment." Megaro v. McCollum, 66 F.4th 151, 157 (4th Cir. 2023).

### III.   DISCUSSION

The court will begin by reviewing Boeing's objections to the magistrate judge's recommendations on Lemieux's first cause of action. After that, the court will review Lemieux's objections to the magistrate judge's recommendations on his second and third causes of action.

**A.  First Cause of Action: Age Discrimination**

Boeing objects to the magistrate judge's recommendation that the motion to dismiss should be denied as to Lemieux's first cause of action for age discrimination. ECF No. 17.

Under the ADEA, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a claim of age discrimination, the plaintiff must demonstrate that: "(1) at the time of h[is] firing, []he was at least 40 years of age; (2) []he was qualified for the job and performing in accordance with h[is] employer's legitimate expectations; (3) h[is] employer nonetheless discharged h[im]; and (4) a substantially younger individual with comparable qualifications replaced h[im]." Westmoreland v. TWC Admin. LLC, 924 F.3d 718, 725 (4th Cir. 2019).

In recommending that this claim not be dismissed, the magistrate judge explained that Lemieux's allegations that he was laid off while younger employees were retained would be insufficient, by themselves, to plausibly allege that Lemieux was laid off

6

because of his age. R&R at 5. However, Lemieux's other allegations—e.g., that his supervisor changed his job title so that he would be included in the layoff, that the only other people laid off were fifty-three and fifty-five, and that he was replaced two days later with younger employees—were sufficient to make a plausible claim for age discrimination. Id.

Boeing raises two objections to the magistrate judge's recommendation on this claim. First, Boeing argues that the magistrate judge erred by relying upon three facts from Lemieux's complaint that Boeing argues are speculative and conclusory and that are contradicted by other facts indicating an open and obvious, nondiscriminatory, reason for the alleged unlawful practices. ECF No. 17 at 2–6. Second, Boeing argues that the magistrate judge incorrectly applied the "motivating factor" standard as opposed to the "but-for" standard for assessing whether Lemieux plausibly alleged he was discriminated against because of his age. Id. at 6–9. The court will consider each objection in turn.

### 1. Facts Considered by the Magistrate Judge

The first fact Boeing argues that the magistrate judge erroneously relied upon is Lemieux's allegation that he was reclassified because of his age. ECF No. 17 at 2. Boeing argues that this fact is nothing more than mere unsupported speculation and is therefore conclusory. Id. at 3. It is true that allegations in employment discrimination cases must be more than speculative to plausibly state a claim. See McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585–86 (4th Cir. 2015). For instance, the Fourth Circuit has held that a Black plaintiff's allegation that a prospective employer's "non-Black decisionmakers hired non-Black applicants instead of the plaintiff [was] consistent with discrimination, [but this allegation did] not alone support a reasonable inference that

7

the decisionmakers [unlawfully discriminated against the plaintiff]." Id. at 586.  In other words, the court found that a plaintiff's allegation that an employer's decision was the product of discriminatory animus was conclusory when the plaintiff's hypothesizing was unsupported by other allegations in the complaint.  See id.

If the court were to consider Lemieux's allegations about Boeing's motivations in a vacuum without reference to the rest of Lemieux's complaint, the court might agree with Boeing on its first objection.  However, as the Fourth Circuit instructs in McCleary-Evans, the court will only find Lemieux's allegations of discriminatory bias are speculatory if they are unsupported by Lemieux's other factual assertions.  See id.  Unlike in McCleary-Evans, Lemieux alleged more than just mere speculation of discrimination.  Notably, Lemieux alleges that another employee, Mitchell, was privy to a conversation among a group of managers and that Mitchell "could confirm that [Lemieux and another employee] were targeted by Soh because of age."  Compl. ¶ 37. Moreover, Lemieux also alleges that, prior to his termination, he was treated less favorably than a younger employee and that Boeing asked him to train the younger employees who eventually replaced him.  Id. ¶¶ 28, 34.  These allegations, when taken together with the others in Lemieux's complaint, could give rise to the reasonable inference that Lemieux was terminated because of his age.  Cf. McCleary-Evans, 780 F.3d at 586.  As such, Lemieux's claim is not merely speculative, and the magistrate judge did not err in considering this allegation.

Boeing next argues that the magistrate judge erred when he relied on Lemieux's allegations that only two employees, both of whom were over the age of fifty, were impacted by the RIF and his allegation that he was replaced by a younger employee.

8

ECF No. 17 at 4.  Boeing points to other places in Lemieux's complaint indicating that the reason for the RIF was because Boeing was outsourcing jobs to Dell.  Id.  Boeing argues that another employee, who is alleged to have been thirty years old, was retained in his position only because he was hired by Dell.  Id. (citing Compl. ¶ 37).  Thus, Boeing argues that this younger employee was also affected by the RIF because his employment with Boeing ended, and he now works for Dell.  Id.  This, according to Boeing, shows that the RIF did not only impact employees over the age of fifty, as Lemieux claims, and Lemieux cannot base his discrimination claim on his not being hired by Dell, a third-party provider.  Id.

Lemieux's complaint clearly states that only two people in his group were included in the RIF and that both were over the age of fifty.  Compl. ¶ 33.  While the complaint also indicates that Dell retained a thirty-year-old employee, the complaint is unclear on whether the thirty-year-old was also included in the RIF, whether this other employee was in a similar situation to Lemieux, or whether Boeing had some role or say in ensuring this employee kept his job.  See id. ¶ 37; see also id. ¶ 33 ("The Defendant maintained the employment of the 2 thirty-year-old employees." (emphasis added)).  Without additional information, any comparison between Lemieux's termination and the purported layoff of this other employee would be inappropriate at the motion to dismiss stage.[3]  See Ostrzenski, 177 F.3d at 251.  As such, the magistrate judge did not err in

---

[3] For instance, Lemieux alleges that Soh reclassified Lemieux's position and gave him negative performance evaluations to ensure he would get laid off, and there is no indication that similar actions were targeted at this younger employee.  Id. ¶¶ 27, 31–33.  There are also no allegations that this younger employee was in Lemieux's group or that the same Boeing employees who decided to layoff Lemieux also decided to layoff this younger employee.  See id. ¶¶ 32, 37 (alleging that Soh targeted Lemieux for layoff because of Lemieux's age).

considering Lemieux's allegation that the only two employees in his group that were impacted by the RIF were over the age of fifty.

Finally, as for the allegation that Lemieux was replaced with a Dell employee, Boeing argues that this means Lemieux's job was outsourced to another company and that this supports a finding that Lemieux was terminated for legitimate business reasons rather than because of his age. ECF No. 17 at 4–5. However, the allegation in Lemieux's complaint states that Boeing "hired a person from Dell to fill [Lemieux's] position." Compl. ¶ 43. The complaint, therefore, indicates that Boeing, not Dell, hired Lemieux's replacement. See id. If this is untrue, Boeing can present evidence to that effect at a later stage in this litigation. See Fed. R. Civ. P. 56(c). For the time being, the court finds that the magistrate judge properly construed Lemieux's complaint while making all reasonable inferences in Lemieux's favor. See Ostrzenski, 177 F.3d at 251.

### 2. But-For Causation

Boeing argues the magistrate judge used the "motivating factor" standard but that he should have used the "but-for" standard when assessing the allegations in Lemieux's complaint. ECF No. 17 at 6–9. In general, there are two methods of establishing causation in federal anti-discrimination cases: the "but-for" test and the "motivating factor" test. See Bostock v. Clayton Cnty., 590 U.S. 644, 657 (2020). Under the traditional "but-for" test, an employer is liable when he takes adverse employment action against an individual, in part, because of the individual's protected characteristic. See id. at 659. In contrast, under the "more forgiving" "motivating factor" test, "liability can sometimes follow even if [the employee's protected characteristic] wasn't a but-for cause of the employer's challenged decision." Id. at 657.

Yet the "motivating factor" test applies only to certain claims under Title VII, and the "but-for" test is used when assessing ADEA age discrimination claims. See id.; Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 174–76 (2009). Moreover, when a plaintiff brings a claim that is governed by the but-for test, his pleadings must be assessed under the same standard. See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1014 (2020) ("So, to determine what the plaintiff must plausibly allege at the outset of a lawsuit, we usually ask what the plaintiff must prove in the trial at its end."). Thus, the court agrees with Boeing that Lemieux's discrimination claim is governed by the "but-for" causation test, and that, to survive Boeing's motion to dismiss, Lemieux must have alleged that his age was a but-for cause of his termination. See Gross, 557 U.S. at 174–76; Comcast, 140 S. Ct. at 1014.

However, the court is not convinced that the magistrate judge used the "motivating factor" test when he assessed Lemieux's complaint. Boeing concedes that the magistrate judge correctly stated that Lemieux must allege that age was a but-for cause of the adverse employment action. ECF No. 17 at 6 (citing R&R at 4). However, Boeing points out that the magistrate judge then went on to state that Lemieux's allegations must support a reasonable inference that Boeing's decision was "motivated by bias." Id. (citing R&R at 4). From this alone, Boeing concludes that the magistrate judge applied the improper standard. Id. at 6–9.

Yet, when the magistrate judge used the phrase, "motivated by bias," he was not saying Lemieux's allegations should be governed by the motivating factor causation test. See R&R at 4. Rather, the magistrate judge used this phrase as part of a quote from the Fourth Circuit's decision in McCleary-Evans to explain how the court applies the Rule

11

12(b)(6) plausibility standard in the employment discrimination process.[4] See id.; McCleary-Evans, 780 F.3d at 586. Moreover, even if the magistrate judge had mentioned the wrong test when describing the legal standard, Boeing does not point to any place in the magistrate judge's analysis where the motivating factor test was applied instead of the but-for test. See ECF No. 17 at 6–9. Likewise, Boeing does not indicate how application of the but-for test would have altered the magistrate judge's conclusion, and the court finds that the allegations in Lemieux's complaint plausibly claim that Lemieux's age was a but-for cause of his termination. As such, the court adopts the R&R and denies the motion to dismiss on Lemieux's claim for discrimination under the ADEA.

### B. Second and Third Causes of Action: Retaliation and Hostile Work Environment

Lemieux objects to the magistrate judge's recommendation that his second and third causes of action should be dismissed. ECF No. 16. In doing so, he provides an enumerated list of fourteen objections to the R&R.[5] Id. at 6–10. Several of these objections are simply recitations of general legal principals.[6] Id. In his other objections,

---

[4] Boeing argues that the magistrate judge attributed this quote to the Supreme Court's decision in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002), but that the quoted language does not appear in that decision. ECF No. 17 at 6–7. Though the magistrate judge's citation is perhaps slightly confusing, the quoted language is from the Fourth Circuit's decision in McCleary-Evans, 780 F.3d at 586.

[5] Lemieux does not clearly identify which of these fourteen objections are related to which of his causes of action. To the extent any particular objection could reasonably relate to either his second or third cause of action, the court assumes it relates to both.

[6] For example, the entirety of the third objections reads, "The Court failed to use the liberal standard of Rule 8 when reviewing the acts of the Plaintiff's Complaint," and the entirety of the fourteenth objection—the only objection in which Lemieux cites caselaw—reads, "As to the but-for standard, the Court should consider that the reason presented does not have to be the only reason as set forth in Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 626 (4th Cir. 2015)." ECF No. 16 at 6, 10.

Lemieux merely lists facts that he claims the magistrate judge failed to consider.  Id. at 6–10.  Indeed, objections nine and thirteen appear to have been copied and pasted from paragraphs thirty-two through thirty-five and paragraph thirty-seven of Lemieux's complaint.  Compare ECF No. 16 at 7–10; with Compl. ¶¶ 32–35, 37.  Nevertheless, not only did the magistrate judge consider many of the facts Lemieux lists, Lemieux fails to explain how consideration of those facts should have altered the magistrate judge's conclusions.  See ECF No. 16 at 7–10; R&R at 6–8.

While it may be true that "objections need not be novel to be sufficiently specific," objections are not specific when they do not reasonably "alert the district court of the true ground for the objection."  Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).  By simply restating facts from his complaint without tying those factual allegations to any particular defect in the magistrate judge's reasoning, Lemieux has left it to the court to discover how—if at all—those facts should impact the analysis of his claims.  This is not the court's job.  If this were all that was required to trigger de novo review, any party could effectively bypass the magistrate judge by simply copying and pasting his complaint into his objections.  "District courts are not expected to relitigate entire cases to determine the basis of a litigant's objections."  Id.  As such, the court finds that Lemieux's objections are not specific, and the magistrate judge's recommendation with respect to Lemieux's second and third causes of action are subject to clear error review.  See id.; Stewart v. Malone, 2023 WL 3244064, at *2 (D.S.C. May 3, 2023) (citing Elijah, 66 F.4th at 461) (finding that facts copied and pasted from a plaintiff's complaint were not specific objections); Nowlin v. Dodson Bros. Exterminating Co., 2020 WL 2306610, at *3 (D.S.C. May 8, 2020) (declining "to address every fact recited in Plaintiff's

objections" when "Plaintiff's objections to the Report fail to engage in any analysis to show why portions of the record not specifically discussed in the Report ought to alter the Magistrate Judge's reasoning, conclusions, or recommendations"); see also Matney v. Del Toro, 2022 WL 3643977, at *3 (D.S.C. Aug. 24, 2022). A review of the record for clear error indicates that the R&R accurately summarized this case and the applicable law. Consequently, finding no clear error, the court adopts the magistrate judge's recommendation and dismisses Lemieux's second and third causes of action.

## IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R in full and **GRANTS IN PART** and **DENIES IN PART** Boeing's motion to dismiss.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 27, 2024
Charleston, South Carolina**